## DETERMINATION OF AUTHORITY OF AGENT.

Circuit Court of Cuyahoga County.

AMERICAN SUGAR REFINING COMPANY v. THE CLEVELAND STEEL CANAL BOAT COMPANY.

Decided, December 1, 1905.

*Agency—A Question for the Court—When Evidence of Authority is All in Writing.*

Where all the evidence as to an agent's authority is in writing, it is the duty of the court to construe it and instruct the jury whether or not the agent had authority to do the particular act in question.

*Garfield, Howe & Westenhaver,* for plaintiff in error.
*Goulder, Holding & Masten,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

By the consideration of the common pleas court defendant in error recovered a judgment against plaintiff in error, for work and labor performed in handling certain freight and for freight charges advanced and paid by the canal boat company for the sugar company.

To state all the facts of the case, which are somewhat numerous and involved, is unnecessary. Counsel in the case will understand our rulings on the errors assigned for review in this court, without such statement, and there are no particular propositions of law in the case of interest to the bar at large.

It is clear that the crucial proposition in the case is whether or not the trial judge was right in ruling that there was no evidence proving that one Oxley was the agent of the canal boat company in the making of the certain special contract regarding the matter in controversy which the sugar company claimed it had made through him.

Oxley was shown to be an agent of the canal boat company in certain matters, as he was of other forwarding companies; the trial judge permitted him to give his instructions from his principal, which were verbal, and to describe his duties, and from the record it is clear that he had no general authority to make the special contract claimed.

Whether or not Oxley had special authority conferred upon him to make the special contract, or at least, whether or not the canal boat company induced the sugar company to believe that Oxley had such special authority, upon which belief it acted, depended upon the construction to be put upon certain letters and telegrams which passed between the parties, and at least one of these telegrams was so worded as to require construction, the language used therein being somewhat ambiguous.

All the evidence regarding this special authority of Oxley being in writing, it was the duty of the trial judge to construe the writings and determine the question as a matter of law and instruct the jury accordingly. This he did, holding that Oxley was not the agent of the canal boat company for the purpose claimed, and ruling out all evidence as to the terms of the contract alleged to have been made by Oxley with the sugar company.

We find no error in this ruling; the record supports it.

Having ruled out all evidence with regard to the arrangement claimed to have been made by Oxley with the sugar company, the trial judge nevertheless submitted to the jury the questions whether or not the canal boat company had ratified it and it is claimed that in so doing an anomalous practice was engaged in.

We think this criticism of merit, but no prejudice to plaintiff in error can be predicated upon it; the error was in submitting the question of ratification to the jury at all. The record does not show ratification. The special contract claimed by the sugar

company appears to us to have been wholly without consideration. If Oxley ever made any such contract as is claimed by the sugar company, it was to the effect that he would procure the sugar to be forwarded to Cleveland by other forwarders, who were to be and were paid their charges by the sugar company, and that the canal boat company would receive the sugar at its warehouse in Cleveland, handle it for nothing and also pay part of the freight bills in distributing it to points beyond Cleveland.

As the canal boat company had no contract with the sugar company to receive and distribute any certain quantity of sugar in a season, but had agreed to the handling and forwarding only when sugar was shipped in its own boats and the freight thereon was paid to it, we can see no reason why Oxley should have made such a contract or why the sugar company should be bound by it, but he made it and communicated the fact to the canal boat company.

The latter received the sugar and distributed some of it, after it learned of the claims of the sugar company, but the matter was kept open by correspondence between the parties and we think that under the circumstances of the case, as disclosed by the evidence, there was no proof of ratification made.

Some exceptions to rulings on evidence are called to our attention. We find no error in the rulings with regard to Oxley's testimony as to his agency; he was permitted to testify as to instructions received by him and his general course of dealing. But manifest error was committed in permitting Wheeler, managing officer of the boat company, to testify that neither he nor the company, through any agent, had anything to do with making the arrangement claimed by the sugar company. This evidence was of a hearsay character, so far as it referred to the acts of an agent, and the witness's conclusion, so far as it referred to the agent's authority. However, it subsequently developed that Oxley was the only agent referred to and his authority became a question of law which the court determined, arriving at the conclusion stated by the witness, and that conclusion was supported by sufficient competent evidence. We think the jury was not influenced by the improper admission of

this evidence, which, perhaps, might have had undue weight with a jury.   We therefore hold that under the circumstances no prejudice resulted from permitting the witness Wheeler to give his opinion as to Oxley's agency.

Finding no prejudicial error in the record, the judgment is affirmed.